GEORGE W. JOHNSON, administrator, *vs.* CYNTHIA A. GOSS & others.

Worcester. Oct. 7, 1880. — March 1, 1882. LORD, W. ALLEN & C. ALLEN, JJ., absent.

A testator, who died possessed of both real and personal estate, bequeathed to his wife certain personal property, "to hold for her own benefit as long as she lives (and waive all dowery) in a manner that shall be divided equal among the heirs at her decease." The widow accepted the provisions of the will in her favor. *Held*, that the word "dowery" was used in the sense of dower; and that there was nothing in the will which excluded the widow from receiving her share of the personal estate not disposed of by the will.

BILL IN EQUITY, by the administrator with the will annexed of the estate of Daniel Goss, to obtain the instructions of the court.

The will after providing for the payment of debts and funeral expenses, bequeathed to the testator's wife, Cynthia A. Goss. "all my personal property,* my household effects, horse and carriages, my life insurance" in a certain company, three mortgages of real estate, and certain bank stock, "to hold for her own benefit as long as she lives (and waive all dowery) in a manner that shall be divided equal among the heirs at her

---

* It was held in *Johnson* v. *Goss*, 128 Mass. 433, that this was not a residuary bequest, but covered only property of personal use and convenience.

decease ; " and devised to his several children and to others large portions of his productive personal estate, and also portions of his real estate. After payment of the debts and legacies, there was a large sum of money in the hands of the administrator, from the sale of the personal estate. The widow had accepted the provisions of the will in her favor ; but contended that she was entitled to one third of said residue.

Hearing before *Lord*, J., who reserved the case for the consideration of the full court.

*G. Swan*, for Cynthia A. Goss.

*W. S. B. Hopkins*, for the children of the testator.

FIELD, J. The defendant Cynthia A. Goss, the widow of the testator, contends that she is entitled to one third of the personal estate remaining after the payment of all debts and legacies, as personal estate "not lawfully disposed of by will." Gen. Sts. *c.* 94, § 16. The other defendants, children of the testator, claim the whole of this residue, on the ground that the acceptance by the widow of the provisions made for her in the will excludes her from receiving any share of the personal estate other than that given her by the will.

It is not contended that a bequest to a widow in a will, and her acceptance of it, of themselves, bar her right to a distributive share in the intestate personal estate. *Nickerson* v. *Bowly*, 8 Met. 424. *Dole* v. *Johnson*, 3 Allen, 364. But it is contended that it clearly appears on the face of this will that it was the intention of the testator to exclude his widow from receiving any share of his estate other than that given her by the will; and that, by electing to take what was given her by the will, she is excluded from participation in the intestate personal estate.

There is nothing in the will indicating any such intention except the words "and waive all dowery," found in the clause of the will which contains the bequest to her.

The words " dower," " dowery" and " dowry " are regarded by lexicographers as etymologically different forms of the same word; "dowery" has become obsolete, and " dower" and " dowry " have in modern times acquired both in law and in popular use distinct significations. The various senses in which the word *dos* was used by the old common law writers are well known.

Sir Edward Coke in his Commentary on Littleton, 31 *a*, says : "And at this day *dos* or dower is not taken by the professors of the common law, either for the land which the wife bringeth with her in- marriage to her husband, for then it is either called in frankmarriage or in marriage, as hath been said, nor for the portion of money or other goods or chattels which she bringeth with her in marriage, for that is called her marriage portion. And yet of ancient time *dos mulieris*, the dower or dowrie of the woman was also applied to them. But it is commonly taken for her third part, which she hath of her husband's lands or tenements."

It does not appear in this case that there was any marriage portion brought by the wife to her husband to which these words could apply if dowry was meant. The testator did devise real estate, in which, but for the will, the widow would have been entitled to dower; and we think the word " dowery " was used by the testator in the sense of dower. To waive dower is a common phrase, which the testator had probably heard, and which in his own way he attempted to put in his will. In this Commonwealth, neither at common law, nor in statutes, nor in common speech, has either " dower " or " dowry " been used to signify the distributive share of a widow in the intestate personal estate of her husband.

This view of the intention of the testator as expressed in his will renders it unnecessary to determine whether, if a legacy be given to a widow in satisfaction of all her claims on the testator's estate, her acceptance of it precludes her from claiming a distributive share in personal estate which the testator made no attempt to dispose of by his will, or which he has not lawfully disposed of by will.

Cynthia A. Goss is therefore entitled to one third, and the other defendants in equal shares to the remaining two thirds, of the personal property not disposed of by the will, and remaining after the payment of debts, funeral charges and charges of administration.                        *Decree accordingly.*