ORLANDO MIXTER *vs.* ALONZO B. WOODCOCK & another.

Worcester.    October 4, 1888. — November 27, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Devise — Life Estate — Mortgage.*

A testator, leaving a wife but no issue, after appointing her executrix, directing her to pay his debts and pecuniary legacies to relatives " out of my estate," and referring to her in a bequest over of one of the legacies as " residuary legatee," gave his personal property to her absolutely, and devised to her all his real estate " to have and to hold for and during the term of her natural life."   *Held,* that she took only a life estate in the real estate, and that a mortgage given by her did not convey the fee.

WRIT OF ENTRY, dated December 7, 1886, to recover a parcel of land on Fruit Street in Worcester.   Plea, *nul disseisin.*

At the trial, in the Superior Court, without a jury, before *Aldrich,* J., the following facts appeared.    John E. Luther, who died on June 1, 1856, leaving a wife but no issue, was seised in fee of the demanded premises, and left a will, which, after

providing for the appointment of his wife as executrix, and directing her to pay "out of my estate" his debts and legacies of three hundred dollars to a brother, and of one dollar each to an uncle and four aunts, proceeded as follows:

"4th. If my said brother is not living, or shall not be living at the time of my decease, said legacy of said three hundred dollars I hereby give to said wife and residuary legatee, meaning and intending this legacy for him alone and not for his children, if he has any living, or shall have at his decease, or his posthumous children.

"5th. I hereby give to my said wife all my household furniture and wearing apparel, to her sole use.

"6th. I hereby give, devise, and bequeath to my said wife and executrix my house and lot on Fruit Street in said Worcester, and all the rest and residue of my estate, real, personal, and mixed, to have and to hold for and during the term of her natural life, free from the control and interference of any husband she may hereafter have, to her sole and separate use."

The only real estate left by the testator was the house and lot on Fruit Street, valued at fifteen hundred dollars, which his wife continued to occupy until her death, on July 26, 1886, his personal property being valued at one hundred and forty-three dollars. The wife remarried, and subsequently gave in her own right, her husband joining, a mortgage of the premises, dated December 2, 1885, to the demandant. The mortgage was duly foreclosed for breach of condition, under a power of sale contained therein, and a conveyance of the premises was afterwards made to the demandant.

The demandant claimed an estate in fee under the will, the mortgage, and the conveyance to him. The tenants made no claim of title, but contended that the testator's wife took only an estate for life under the will in the house and lot, and that the demandant gained no title under the mortgage.

The judge found for the demandant, and reported the case for the determination of this court. If the finding of the Superior Court was affirmed, judgment was to be entered for the demandant; otherwise for the tenants.

*J. Mason,* for the demandant.

*J. H. Bancroft,* for the tenants.

C. ALLEN, J.   We cannot find in this will anything sufficient to give more than a life estate in the land to Mrs. Luther.   The furniture and wearing apparel were given to her without qualification; the house and lot, and all the rest and residue of the testator's estate, real, personal, and mixed, were given to her to have and to hold for and during the term of her natural life.   If a life estate to her was intended, the language used is direct, simple, and natural to express that meaning.   Any other sense to be put upon the language is conjectural.   Nor do we find anything in the other parts of the will to control this meaning.   In the fourth article she is referred to as residuary legatee; but this does not enlarge her title under the residuary clause.

The difficulty with the demandant's position is, that, although it may be surmised or supposed that the testator would have given an absolute estate to his wife if his attention had been called to the effect of his will as it stands, the words actually used by him do not bear that construction, and are not sufficient to carry an absolute title.   It is suggested that the words may be transposed, and thus be made to bear a different meaning.   It is true that words may sometimes be transposed with a view to carry out the obvious intention of the testator, as gathered from the whole will; but the difficulty here is in finding any warrant for making a transposition, which would be departing from a plain meaning in order to reach one which would be far from clear.   We cannot make such a transposition for the purpose of seeking to supply an intention not otherwise found in the will.   *Hill* v. *Downes*, 125 Mass. 509.

The construction of the will is the only question that has been argued.   There is nothing in the report to show that the demandant sought to recover on the ground of a possessory title, sufficient as against these tenants, and we do not understand that any such question was intended to be presented to us.   As the report stands, the entry must be,

*Judgment for the tenants.*