RICHARDSON MOFFAT *vs.* COLEMAN COOK.

Suffolk.   November 21, 1889. — January 3, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Will — Devise in Fee — Life Estate.*

A testatrix, in the first clause of her will, gave to her husband, who survived her, "everything of whatever nature that has any value which I now or may hereafter possess, with this understanding," that upon the payment by him of certain sums within a time limited, the balance was to be "for his own use and disposal"; and provided in succeeding clauses for various pecuniary legacies "In the event of my husband's death." *Held*, that the husband took a fee in her life estate, subject perhaps to a charge for the payment of the sums named, and that the bequests "in the event of" his death, were to take effect only in case he died before the testatrix.

BILL IN EQUITY, filed February 18, 1889, for the specific performance by the defendant of an agreement to purchase land from the plaintiff. The case was heard by *Knowlton*, J., and was as follows.

The plaintiff's title to the land in question was derived from his deceased wife, whose will, admitted to probate on July 18, 1887, contained the following:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows: To my husband, Richardson Moffat, everything of whatever nature that has any value which I now or may hereafter possess, with this understanding, that he shall pay the following sums [here followed a list of sums named to be paid to various persons and organizations]. All the above named sums to be paid within two years from my decease, the balance for his own use and disposal.

VOL. 150.                    34

" Second. In the event of my husband's death I give and bequeath to my husband's relations [here followed pecuniary legacies to persons named, followed in succeeding clauses by other bequests to various organizations]. Any party dissatisfied and making trouble about this will forfeit their claim. In the event of a deficiency to pay the several sums specified, or of a surplus, deduct or add proportionally."

The defendant contended that the plaintiff took only a life estate in the land, and was unable to convey a good title to it in fee simple.

The judge made a decree for the plaintiff; and the defendant appealed to this court.

*F. E. Dimick & W. B. Orcutt,* (*E. L. Buffinton* with them,) for the plaintiff.

*W. H. H. Emmons,* for the defendant.

C. ALLEN, J. The devise to the husband, taken by itself alone, would clearly convey a fee to him, perhaps subject, however, to a charge for the payment of the sums which he is to pay. The next series of bequests, " In the event of my husband's death," means that those bequests are to take effect in the event of his death before hers. There is nothing to show that she meant to cut down to a life estate the previous devise to him for his own use and disposal. *Briggs* v. *Shaw*, 9 Allen, 516.

No question is presented to us as to whether the land is charged with the payment of the sums which he is to pay, and we do not consider it. Nor does the defendant contend that he ought not to be compelled to accept a title which may be exposed to litigation from those who are not parties to the present suit.

*Decree affirmed.*