FRANCIS J. GOODWIN *vs.* CATHARINE McDONALD & another.

.Essex.   November 8, 1890. — April 3, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Devise — Estate in Fee — Survivorship.*

A will devising one half of the testator's property to his wife and the other half to his son, and providing, "should either said wife or son die, their share to go to the survivor, — should both die, the property to go to the nearest of kin," — gives a fee to the wife and to the son, and not life estates to each with remainder for life to the survivor and in fee to the nearest of kin.

WRIT OF ENTRY, dated July 19, 1890, to recover an undivided half of a parcel of land in Lawrence. Plea, *nul disseisin.* At the trial in the Superior Court, without a jury, before *Dewey,* J., the following facts were not disputed.

John Goodwin, who was seised in fee of the entire parcel, died on December 1, 1889, leaving a widow, Sadie Goodwin, and a son, the demandant. His will, omitting parts merely formal, was as follows : " I, John Goodwin, being of sound mind and intellect, do give, devise, and bequeath one half of all my property, both real and personal, to my beloved wife, Sadie Goodwin, the remaining half to my dear son, Francis Goodwin. Should either said wife or son die, their share to go to the survivor. Should both die, the property to go to the nearest of kin."

Sadie Goodwin, the widow, died on July 7, 1890, and the tenants were her devisees.

The demandant contended that, by the true construction of the will, the whole estate vested in the demandant on the death of Sadie Goodwin; the tenants contended that she took an estate in fee in the demanded premises, which estate passed to them under her will. The judge ruled in accordance with the tenants' contention, and found for them; and the demandant alleged exceptions.

*C. U. Bell,* for the demandant.

*W. S. Knox & W. J. Bradley,* for the tenants, were not called upon.

W. ALLEN, J. The words of the will, "give, devise, and bequeath one half of all my property, both real and personal, to my beloved wife, Sadie Goodwin, the remaining half to my dear son, Francis Goodwin," gave a fee to the wife and son. If there could be any doubt that the subsequent words, "Should either wife or son die, their share to go to the survivor," intend a death before the testator, the words which follow, "Should both die, the property to go to the nearest of kin," would remove it. The will cannot reasonably be construed to give life estates to the wife and son, with remainder for life to the survivor, and remainder in fee to the nearest of kin. Such a construction would be contrary to the plain meaning of the testator. *Briggs v. Shaw,* 9 Allen, 516. *Crossman v. Field,* 119 Mass. 170. *Moffat v. Cook,* 150 Mass. 529.

*Exceptions overruled.*