EBEN T. BROWN *vs.* ADDISON GILBERT HOSPITAL.

Essex.     November 4, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Will — Determinable Fee — Estate Tail — Executory Devise.*

A testator, by his will, admitted to probate in 1847, devised to his son J. the improvements, rents, and use of a certain farm for life, and, by a subsequent clause of the will, gave and devised to his grandson E., "the son of my son J., the farm as hereinbefore described, subject to the life estate therein given to my son J., and subject also to the limitation that, if said E. die without issue, then this devise is to go to other son or sons of my son J., if any there should be, and if not, to the heirs of my son J. forever." J. died without having any other son, and E. came into possession of the farm, claiming title thereto under the will, and in 1891, never having married or had any children, agreed to sell a portion of the farm. *Held,* that the devise to E. was of an estate tail, and the devise over if he should die without issue intended an indefinite failure of issue, and was a remainder in expectancy after the estate tail, and not an executory devise; and that as tenant in tail he could give a good title in fee simple.

BILL IN EQUITY, filed in the Superior Court, for specific performance of an agreement by the defendant corporation, dated September 24, 1891, to purchase land.    Answer, that the plain-

tiff was not absolutely entitled to the land in question, and that the plaintiff's estate in such land was a "fee determinable in the event of his dying leaving no issue living at his decease, with an executory devise over to others, and that therefore the plaintiff cannot by his deed convey a good and clear title to said land." The case was submitted to the Superior Court, and, after a decree for the plaintiff, to this court, on appeal, on agreed facts as follows.

The plaintiff's grandfather, who owned a farm of which the land in question formed a part, by his will, which was admitted to probate on February 16, 1847, after giving in the third clause thereof to his son Jonathan "the improvements, use, and rents of the farm" for and during the term of his natural life, in the fifth clause provided as follows: " I give and devise to my grandson Eben Brown, the son of my son Jonathan, the farm as hereinbefore described, subject to the life estate therein given to my son Jonathan, and subject also to the limitation that, if said Eben die without issue, then this devise is to go to other son or sons of my son Jonathan, if any there should be, and if not, to the heirs of my son Jonathan forever."

Jonathan Brown, the testator's son, is dead, and the plaintiff, the only son Jonathan ever had, the testator's grandson, is now and for some years has been in possession of the land, holding it and claiming title thereto under the will. The plaintiff is not and never has been married, and has not and never had any children.

*C. A. Russell*, for the plaintiff.

*J. J. Flaherty*, for the defendant.

BARKER, J. The testator devised to his son Jonathan the improvement, use, and rents of a certain farm for and during the term of his natural life, and, by a subsequent clause of his will, gave and devised to Eben, " the son of my son Jonathan, the farm as hereinbefore described, subject to the life estate therein given to my son Jonathan, and subject also to the limitation that, if said Eben die without issue, then this devise is to go to other son or sons of my son Jonathan, if any there should be, and if not, to the heirs of my son Jonathan forever." The will was admitted to probate on February 16, 1847. The testator's son Jonathan is now dead, and never had any son but

Eben.   Eben is childless and unmarried, and is now in possession of the. farm, claiming title under the will.   By the devise, without express words of inheritance, of the farm subject to the life estate of his father, Eben would take a fee unless it clearly appeared by the will that the testator intended to give him a less estate.   Rev. Sts. c. 62, § 4.   *Briggs* v. *Shaw*, 9 Allen, 516. *Goodwin* v. *McDonald*, 153 Mass. 481.   The defendant contends that Eben's estate is a fee determinable upon his own death without issue surviving him, and that upon such death the heirs of the testator's son Jonathan will take by way of executory devise.   Eben claims that he is in of an estate tail, his fee being cut down by the implication in favor of his issue as objects of the testator's bounty, and that the devise over, if he die without issue, is a remainder in expectancy after his estate tail.   Another possible construction might be that Eben's remainder was intended to be an absolute fee, subject to be devested in favor of the other son or sons or the heirs of Jonathan if Eben died without issue before the death of Jonathan but with which nothing could interfere if Eben survived Jonathan.

Unless the construction which gives to Eben only a determinable fee, and to the other son or sons or the heirs of Jonathan an executory devise, is a correct one, Eben can convey a good title to the property.   Against that construction, in our opinion, the following considerations must prevail.   There is no reason to suppose that the testator desired to create an executory devise for the benefit of any specific persons known to him, and whom he desired to make objects of his bounty.   There were never any other son or sons of Jonathan.   The testator must have supposed that such might be born, and, they being younger than Eben, it would not be absurd to suppose that they might possibly survive both Eben and his children.   The devise over to such son or sons is, therefore, not conclusive that the testator intended a definite failure of issue at Eben's own death. The alternative devise to the heirs of the testator's son Jonathan provided for some one to take upon an indefinite failure of Eben's issue, however remote the failure might be, if there should then be living any of the testator's own blood.   The testator's language did not refer to any existing person when he spoke of any " other son or sons of Jonathan."   Taking the

whole will together, his intention was to keep the farm in the family of his son Jonathan, giving the benefit of it to Eben, Jonathan's then only and so eldest son, and to Eben's issue so long as there should be such issue ; but if such issue should fail, then to the other son or sons of Jonathan, if such should possibly have come into being and be then living, and if there were no such other sons then living, to Jonathan's heirs, whoever they might be. The testator used language which so long has received a technical construction that it was said by this court, in the year 1809, to have become a rule of property ; and unless the contrary clearly appears, he should be held to have used it in its technical sense. *Ide* v. *Ide*, 5 Mass. 500, 501. *Parker* v. *Parker*, 5 Met. 134. *Hayward* v. *Howe*, 12 Gray, 49, 51. *Allen* v. *Trustees of Ashley School Fund*, 102 Mass. 262, 264. When he devised the farm over " if said Eben die without issue," he meant the devise over to take effect upon an indefinite failure of Eben's issue, and he intended by the whole provision to give to Eben an estate tail, and to the possible other son or sons of Jonathan, who in fact never were born, or to Jonathan's heirs, a remainder in expectancy after the estate tail, and not an executory devise. *Nightingale* v. *Burrell*, 15 Pick. 104, 110. *Hall* v. *Priest*, 6 Gray, 18, 20.

The result is, that the construction of the will which gives to Eben a determinable fee, and to the heirs of Jonathan a future interest by way of executory devise, being untenable, Eben can convey a good title.                    *Decree affirmed.*