FRANCIS T. BAKER & others *vs.* WILLIAM THOMPSON & others.

Suffolk. March 7, 1894. — June 23, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Real Action — Life Estate — Fee Simple.*

A bequest to the wife of a testator of " all the residue and remainder of my property and estate, real and personal, of which I may die seised or possessed, or to which at the time of my decease I may be in any way entitled," standing alone, would give the wife an absolute fee; but when immediately followed by the qualifying words " for her support, and for the support and education of our only child," and with a further provision that what shall remain at the death of the wife shall go to the son, " his heirs, executors, administrators, or assigns forever," and a clause at the conclusion of the residuary bequest giving the wife power " to sell and dispose of any real or personal estate, . . . either at public or private sale, as she may deem best," it shows that it was not the intention of the testator to give his wife the fee.

WRIT OF ENTRY, dated December 1, 1892, to recover possession of a tract of land in Boston. Plea, *nul disseisin.*

The demandants are the heirs of Joseph H. Eayrs, who died on March 6, 1865, seised of the demanded premises, and leaving a will, dated December 21, 1857, which was duly admitted to probate, and contained the following residuary clause :

" All the residue and remainder of my property and estate, real and personal, of which I may die seised or possessed, or to which at the time of my decease I may be in any way entitled, I give, devise, or bequeath to my wife, Emily P. Eayrs, for her support, and for the support and education of our only child, Joseph Hearsey Eayrs, 2d. At her decease, all that shall then remain of my said property I give, devise, and bequeath to my said son Joseph, to be held in trust till he shall arrive at the age of twenty-one years, to him, his heirs, executors, administrators, or assigns forever. My said wife, Emily P. Eayrs, is hereby authorized to sell and dispose of any real or personal estate which I may leave, either at public or private sale, as she may deem best."

The son, Joseph Hearsey Eayrs, 2d, died on April 4, 1860, aged four years, and the widow, Emily P. Eayrs, died on March 19, 1892, not having disposed of the demanded premises.

At the trial in the Superior Court, without a jury, before *Hammond*, J., the demandants contended that under the will the widow, Emily P. Eayrs, took a life estate only, and the tenants, who were her devisees, contended that she took an estate in fee.

The judge ruled that the widow did not take a fee, and found for the demandants, and, at the request of the tenants, reported the case for the determination of this court. If the ruling was wrong, the finding was to be set aside ; otherwise, judgment was to be entered thereon.

*N. U. Walker*, for the tenants.

*W. Howland*, ( *C. H. Innes* with him,) for the demandants.

MORTON, J. It is true, as the demandants contend, that the words "all the residue and remainder of my property and estate, real and personal, of which I may die seised or possessed, or to which at the time of my decease I may be in any way entitled, I give, devise, or bequeath to my wife, Emily P. Eayrs," if they stood alone, would give the wife an absolute fee. But they are

qualified, in the first place, by the words which directly follow them, "for her support and for the support and education of our only child, Joseph Hearsey Eayrs, 2d." In the next place, the will goes on to provide that what shall remain at the death of the wife shall go to the son Joseph, "his heirs, executors, administrators, or assigns forever," showing plainly that it was not the intention of the testator to give her a fee. And, lastly, in the concluding sentence of the residuary clause the testator gives his wife power "to sell and dispose of any real or personal estate, . . . either at public or private sale, as she may deem best," which would be unnecessary if he intended to give her a fee, and is inconsistent with an estate of fee simple. We think the ruling was right. See *Chase* v. *Ladd*, 153 Mass. 126 ; *Kent* v. *Morrison*, 153 Mass. 137, 139.     *Judgment on the finding.*