ADDIE L. MEINS, executrix & trustee, *vs.* ANNIE H. PEASE & others.

Suffolk.    January 18, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & RUGG, JJ.

*Devise and Legacy,* Executory limitation.

A devise of certain real estate and a bequest of personal property to the husband of the testator's daughter "provided, however, and this devise and bequest to him is on condition that he survives my daughter . . .; if he shall not survive my said daughter, then said" real estate and personal property "shall be the property of my said daughter," do not admit of being construed as a devise and a bequest to the husband or, if he dies during the life of the testator and the daughter survives him, to the daughter.

A will gave the bulk of the testator's property to his daughter, a part of it in trust to pay the income to herself for life, after her death to her children and the children of a deceased son of the testator, and ultimately to certain relatives of the testator. No property was given to the daughter's husband in the will. By a codicil the testator revoked a devise of a certain parcel of real estate which the will had given to the daughter, and gave it to the daughter's husband, and also gave him $15,000, "provided, however, and this devise and bequest to him is on condition that he survives my daughter . . .; if he shall not survive my said daughter, then said" real estate and personal property "shall be the property of my said daughter." The codicil also contained a provision cancelling all indebtedness which the daughter's husband was under to the testator at the time of the testator's death, and provided that, if any of the relatives mentioned in the trust provision in the will should die before the testator, the gift to such should be void and the daughter's husband should take except in case of the death of one designated relative, and in such case the testator's heirs at law should take. *Held,* that the codicil gave the $15,000 and the designated real estate as an absolute bequest and devise to the daughter's husband subject to

a conditional limitation over in case he should not survive the daughter, and that in that case the money and real estate should go to the daughter by way of executory bequest and devise.

Where by a will personal property is given to one absolutely, subject to a conditional limitation over to a second person in case the legatee should die before such second person, the first taker is entitled to receive the bequest without giving security, unless there is danger that it will not be forthcoming if the contingency occurs, and unless security is asked for on that ground.

BILL IN EQUITY filed in the Supreme Judicial Court on May 27, 1909, by one who was the executrix of, and trustee and a legatee under the will of Samuel B. Hopkins, late of Boston, the plaintiff's father, for instructions. The defendants are children of a deceased son of the testator and Charles E. Meins, the plaintiff's husband.

The will, after providing for the purchase and perpetual care of a burial lot for the interment of the testator, of the plaintiff and her husband and any children that they might have, and of the widow of a deceased son and her children, gave to the plaintiff all the household furniture and personal belongings in the house where the testator resided, numbered 565 Boylston Street in Boston, and all the horses and contents of the stable, ten shares of bank stock, and "all my other personal property not herein otherwise disposed of"; also "the estate and premises, consisting of land, dwelling house and stable on Centre Street, Brookline," and an estate and premises at Cottage City, and the contents of the buildings on such estates.

To the widow of the testator's son was given a diamond ring, which formerly was the son's, and ten shares of bank stock.

By the "sixth section" of the will there was given to the plaintiff in trust the Boylston Street property to use and occupy so long as she should see fit, with authority to let it or sell it, the income to be paid to herself during her life and after her death to be divided between her children, if any, and those of the testator's deceased son, with directions for the payment to certain other specified persons in case of failure of grandchildren of the testator.

The residue of the testator's property also was given to the plaintiff in trust with directions as to payment of the income to herself for life, after her death to her children, if any, and to those of the deceased son, and with directions, in case of failure

of such beneficiaries, for the payment to those who would have been the testator's heirs at law had he died intestate.

The codicil of the will, regarding which the bill sought instructions, was as follows:

"First: I revoke the devise of the estate and premises, consisting of land, dwelling house and stable, situated on Centre Street in Brookline, given by the Fourth Section of my said will to my daughter, Addie L. Meins, and I give and devise said estate and premises to her husband, Charles E. Meins, — To Have and to Hold the same to him and his heirs and assigns forever. I also give and bequeath to said Charles E. Meins the sum of fifteen thousand dollars ($15,000); provided, however, and this devise and bequest to him is on condition that he survives my daughter Addie L. Meins; if he shall not survive my said daughter, then said estate and premises and said sum of fifteen thousand dollars ($15,000) shall be the property of my said daughter.

"I also cancel all indebtedness which said Charles E. Meins may be under to me at the time of my decease.

"Second: In case Ann Taylor, Annie Pollister, Caroline Swett and Maude G. Hopkins, [persons designated in the will to receive income from the proceeds of the sale of the Boylston Street property in case of failure of grandchildren of the testator] mentioned in the Sixth Section of my said will, or any of them, shall die in the lifetime of my said daughter, Addie L. Meins, I revoke the gift and devise to them or any of them so dying, and make the same null and void; and I give and devise the share or interest given to them or any of them so dying, to said Charles E. Meins. And in case Blanche R. Ellis named in said Sixth Section of my said will shall die in the lifetime of my said daughter, I revoke the gift and devise to her and make the same null and void; and I direct that the share otherwise coming to her, shall revert to my heirs at law, had I then died unmarried, intestate and without issue."

The case was reserved by *Braley*, J., for determination by the full court.

The case was submitted on briefs.

*A. P. Worthen*, for the plaintiff.

*C. H. Tyler*, *O. D. Young & W. C. Rice*, for the defendants Annie H. Pease and Ethel H. Emmes.

LORING, J. The first question is whether the husband, having survived the testator, took an indefeasible fee in the Brookline house together with the stable and the absolute interest in the $15,000 as in case of a gift to A. or, if he dies, to B. In such cases it is settled that the alternative gift has reference to A.'s dying during the life of the testator. For a collection of cases on that point see *Burdge* v. *Walling*, 18 Stew. 10, and *Jones* v. *Webb*, 5 Del. Ch. 132. In our opinion this gift does not admit of being construed to be the equivalent of such an alternative devise or bequest.

The second question is whether the condition here in question is a condition precedent or a condition subsequent. If the condition imposed upon the devise and bequest to the daughter's husband is a condition precedent to the real estate and money vesting in him, neither he nor his wife takes until it is ascertained which survives the other. And in that case it is the contention of the granddaughters that the income of the bequest during the interval would pass to the daughter under the bequest to her of the residue of the personal property, and that the income of the house and stable would pass one half to the daughter and one half to them under the devise of the residue of the real estate. On the other hand, if it had been the intention of the testator in inserting this proviso to provide that the absolute devise and bequest just made to the daughter's husband should be subject to a conditional limitation over in case he should not survive his wife (the testator's daughter), and that in that case it should go to the daughter by way of executory devise and bequest (like the gifts over in *Richardson* v. *Noyes*, 2 Mass. 56; *Brightman* v. *Brightman*, 100 Mass. 238; *Goodwin* v. *McDonald*, 153 Mass. 481; *Welch* v. *Brimmer*, 169 Mass. 204), the words which should have been used to express that intention would not have differed widely from those used by the testator. The words used by the testator may well be taken to have been an awkward way of stating that to have been his intention. And interpreted in the light of the general scheme of the will and codicil we are of opinion that they should be so construed. Taking the scheme of the will and codicil as a whole, it is evident that in making this codicil the testator intended to enrich the daughter's husband at the expense of his wife (the testator's daughter), but

not to benefit the grandchildren. He forgave the husband all his debts (those debts otherwise would have gone to the daughter under the gift to her of the residue of the personal property); he took away from his daughter and gave to her husband the Brookline house and stable (specifically devised to her) and $15,000 (which otherwise would have passed to her under the bequest of the residue of the personal property). Apart from the bequest to his own heirs of the share of one of the eight nieces in case that niece predeceased him, the testator did not benefit anybody but his daughter's husband by making the codicil. So far as the Brookline estate and the $15,000 were concerned, it seems to have been the testator's intention that the husband should have them in preference to his wife, and that subject to that preference they should go to the wife and no one else.

The house and stable are now vested in the husband and he is entitled to receive the $15,000 from the executor. It is settled, that in a case like the present the first taker is entitled to receive the money without giving security unless there is danger that it will not be forthcoming if the contingency occurs, and unless security is asked for on that ground. *Homer* v. *Shelton,* 2 Met. 194. *Fiske* v. *Cobb,* 6 Gray, 144. *Bradlee* v. *Appleton,* 16 Gray, 575. *Schmaunz* v. *Goss,* 132 Mass. 141. *Hooper* v. *Bradbury,* 133 Mass. 303. *Thissell* v. *Schillinger,* 186 Mass. 180.

*Decree accordingly.*