LUCY BATES HOLMES & others *vs.* ARTHUR W. DUNNING.

Suffolk.     January 10, 11, 1927. — June 29, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Life beneficiary.

A testatrix, who died domiciled in the District of Columbia, by her will divided the residue of her estate among three sisters and the children of a fourth sister and of a brother, and provided that the "shares devised to" one of the sisters "is for her use, but at the same time, I desire that whatever may not have been used at her death, may descend to her son . . . if he is then living: if he is not living and died without issue, I desire that whatever is left may pass to and be divided among the four residuary legatees. Should he survive his mother and die without issue, I desire what remains to likewise pass to and be divided

among my said four residuary legatees." That sister died and by her will provided: "All which may remain in my possession, at my decease, of the bequest to me from my late sister . . . is to go, by the terms of such bequest, to my son." Proceeds of the sale of real estate in Ohio which had been owned by the original testatrix thus came into the possession of the nephew. By a bill in equity, nieces and another nephew of the original testatrix sought to have a trust in such proceeds declared in their favor. It was agreed that the defendant had spent and claimed the right to spend a substantial part of the sum for the support of himself and family, and from it had given about $300 in small monthly payments to an elderly servant who, for a number of years, was employed in his mother's household. A trial judge dismissed the bill. *Held*, that

(1) Whether controlled by the law of Ohio, of the District of Columbia, or of Massachusetts, the intention of the testatrix, as gathered from the whole will, was the controlling consideration in its interpretation;

(2) The original testatrix evidently expected that what remained of the property at the defendant's death would be less than the sum received by him;

(3) Assuming, but not deciding, that such property was received by the defendant as beneficiary under the will of the original testatrix, the use which he had made of it was not in excess of the rights which she intended him to have;

(4) The bill properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on December 20, 1921, and afterwards amended, by nieces and a nephew of Annie K. Freudenberg, who died testate in the District of Columbia, against another nephew, the son of Katharine K. Abbott, a sister of the testatrix, to have the interest of the plaintiffs in certain property formerly of the testatrix determined and a trust declared in favor of the plaintiffs in so much of such property as had come into the possession of the defendant through the estate of his mother from the estate of the testatrix.

The suit was twice heard by *Hammond*, J., upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion. The judge found "as a fact . . . that the testatrix Annie K. Freudenberg intended to give and did give to Katharine K. Abbott the absolute property in one fifth of the residue of her estate, and that she did not create any other interests in said one fifth share of the residue," and ordered the bill dismissed. The plaintiffs appealed.

*C. C. McCarthy*, for the plaintiffs.

*W. W. Hart*, for the defendant.

SANDERSON, J.   The will of Annie K. Freudenberg was probated in Washington, District of ·Columbia, where she was domiciled at the time of her death in 1888.   She left real estate located in Ohio, and was also possessed of personal estate.   In disposing of the residue of her property she used this language: "To my sisters Jane K. Collins, Helen K. Collins and Katharine K. Abbott each one fifth, to the children of my brother Alfred Kelley one-fifth, and to the children of my sister Maria K. Bates deceased one fifth.   The shares devised to my sister Katharine K. Abbott is for her use, but at the same time, I desire that whatever may not have been used at her death, may descend to her son Arthur W. Dunning if he is then living: if he is not living and died without issue, I desire that whatever is left may pass to and be divided among the four residuary legatees. Should he survive his mother and die without issue, I desire what remains to likewise pass to and be divided among my said four residuary legatees."

The second clause of the will of Katharine K. Abbott, who died in 1918, is in the following terms: "All which may remain in my possession, at my decease, of the bequest to me from my late sister, Annie K. Freudenberg, is to go, by the terms of such bequest, to my son, Arthur W. Dunning, and my executors are hereby requested to pay over the same to him without unnecessary delay."   At the time of Mrs. Abbott's death, there remained in her possession, of the amount received by her under the will of her sister, $23,750, which, in accordance with the terms of her own will, was paid to the defendant, her only child, by her executors and their account·showing this item as a payment was allowed by the Probate Court after hearing.   The amount thus paid represented in part the proceeds of the Ohio real estate owned by Mrs. Freudenberg at her death.   Three sisters, Jane K. Collins, Helen K. Collins and Katharine K. Abbott, and one brother, Alfred Kelley, survived Mrs. Freudenberg. Another sister, Maria K. Bates, predeceased the testatrix. The plaintiff, Lucy Bates Holmes, is the child of Maria K.

Bates; the plaintiffs, Kenneth G. Collins and Marjorie Collins Gloninger, are heirs at law and next of kin of Jane K. Collins, deceased. The defendant, a resident of Massachusetts, was a minor at the time of Mrs. Freudenberg's death. He has since married but has no issue. It was agreed that the defendant has spent and claims the right to spend a substantial part of the sum paid to him for the support of himself and family, and that he has given from this fund about $300 in small monthly payments to an elderly servant who, for a number of years, was employed in his mother's household. The plaintiffs allege that the defendant improperly is using and spending the principal of a fund in which he has a life estate only, and they ask that their interest in this property be determined; that the defendant be restrained from using any of it as his own; and that a trustee to administer the fund be appointed, or that the defendant be required to give security to protect the plaintiffs' rights, and for other relief. The plaintiffs appealed from a decree dismissing the bill.

A will is ordinarily to be construed according to the law of the testator's domicil at the time of his death. *McCurdy* v. *McCallum*, 186 Mass. 464. This rule controls as to personal property wherever it may be located; but its effect and validity in respect to the disposition of real estate will depend upon the law of the place where the property is situated. *Jacobs* v. *Whitney*, 205 Mass. 477. *Jennings* v. *Jennings*, 21 Ohio St. 56, 76.

By reason of a recent statute, the courts "take judicial notice of the law of the United States or of any State . . . thereof . . . whenever the same shall be material." St. 1926, c. 168, § 1. In Massachusetts, Ohio and the District of Columbia, the intention of the testator, as gathered from the whole will, is the controlling consideration in its interpretation. *Hess* v. *Singler*, 114 Mass. 56, 59. *Ware* v. *Minot*, 202 Mass. 512, 516. *Temple* v. *Russell*, 251 Mass. 231. *Baxter* v. *Bowyer*, 19 Ohio St. 490, 498. *Johnson* v. *Johnson*, 51 Ohio St. 446, 459. *Barr* v. *Denney*, 79 Ohio St. 358. *McCaffrey* v. *Manogue*, 196 U. S. 563, 569. *Gen-*

*eral Clergy Relief Fund* v. *Sharpe,* 43 App. D. C. 126, 132.
*O'Brien* v. *McCarthy,* 52 App. D. C. 183, 185.

For the purposes of this case we assume, without deciding, that the plaintiffs rightly contend that the defendant was a beneficiary under the will of Mrs. Freudenberg and that the plaintiffs have sufficient interest in that legacy to give them standing in this proceeding. The immediate questions presented upon the assumption made are, whether the defendant should be permitted to continue to hold and make such use of the fund as he claims the right to make or should be required to give security for its preservation or should be ordered to turn it over to a trustee to manage.

In *Harris* v. *Knapp,* 21 Pick. 412, 416, the court said: "the words 'whatever shall remain,' necessarily mean that portion of the property bequeathed, which shall be undisposed of at her decease; but there is no allusion in the will to any mode, by which the sum thus given is to be diminished, except the disposition thereof . . . [by the first taker]; and therefore the implication is inevitable, that she had a power to make such disposition." Mrs. Freudenberg evidently expected that what remained of the property at the defendant's death would be less than the sum received by him. *Harris* v. *Knapp, supra. Kelley* v. *Meins,* 135 Mass. 231, 234. *Ware* v. *Minot, supra,* page 517. *Goodrich* v. *Henderson,* 221 Mass. 234, 236. *Johnson* v. *Johnson, supra,* page 458. *Young* v. *Hillier,* 103 Maine, 17, 21. The terms of Mrs. Freudenberg's will do not indicate that she expected to have a trustee appointed to hold this fund, or to control the use which the defendant might make of it. "If a legacy is given generally but subject to a limitation over upon a subsequent event, the divesting contingency will not prevent the legatee from receiving his legacy. . . . Security is required in such cases only when it is shown to the court that there is danger that the property will be wasted, secreted or removed by the first taker." *Fiske* v. *Cobb,* 6 Gray, 144, 146. *Taggard* v. *Piper,* 118 Mass. 315. *Hooper* v. *Bradbury,* 133 Mass. 303, 307. *Meins* v. *Pease,* 208 Mass. 478, 482. *Ratliff* v. *Warner,* 32 Ohio St. 334, 341. Upon the assumption that the defendant received the

property as a beneficiary under the Freudenberg will, in our opinion the use which he has made of it is not shown to be in excess of the rights which the testatrix intended him to have, and our conclusion on this question would be the same whether it is based upon the laws of Ohio or of the District of Columbia. Whether the plaintiffs have a contingent interest in the legacy need not now be decided, for if they have such interest they have failed to show that the defendant has made or threatens to make any improper use of the property.

*Decree affirmed with costs.*