CORDELIA LANGLOIS *vs.* CORDELIA LANGLOIS, executrix, & others.

Bristol.   May 4, 1950. — June 5, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Life estate, Intestacy, Remainder. *Real Property*, Life estate, Remainder. *Personal Property*, Life estate, Remainder.

The proper construction of a will containing a provision giving to the testator's widow all his property "to have and to hold and use same . . . during her lifetime," followed by a provision that at her death designated items of the property should go to two other persons and by a provision giving the widow power to sell, mortgage and assign any of the property except such items, but not containing any residuary clause or any other provision respecting the disposition of the property other than such items at the death of the widow, was that the widow took only a life interest in the other property, as well as in such items, even though that construction would result in an intestacy as to the remainder interest in the other property.

A widow taking property by the will of her husband "to have and to hold and use same as she see fit during her lifetime," with power, given by a different clause of the will, to sell, mortgage and assign the property "as she see fit or deem proper," did not have power to consume the principal of the property.

One having a life interest in personal property was entitled to possession of the property without giving security in the absence of anything to show that it would be wasted, secreted or removed.

Upon a construction of a will resulting in an intestacy as to the remainder interest in certain property following a life interest given to the testator's widow, it was held that, there being nothing in the will to indicate a contrary intention, the widow took a share in such remainder interest under the statute of descent and distribution.

PETITION, filed in the Probate Court for the county of Bristol on January 10, 1949.

The case was heard by *Davis,* J.

*L. E. Perry,* for the respondents.

*L. A. Roy,* for the petitioner.

WILKINS, J.    Adelard Langlois, late of New Bedford, died on October 22, 1948, leaving a widow, who is the petitioner; no children; and numerous heirs at law and next of kin, who are the respondents.  This petition seeks a binding declaration of rights under his will, which was drawn by him, a layman.  The entire substance of the will is as follows:

"I give, devise and bequeath to my wife Cordelia Langlois all my property, real, personal and mixed of whatsoever kind and wheresoever the same may be situated of which I shall be entitled in any way at the time of my death, to have and to hold and use same as she see fit during her lifetime.  At her death I give and bequeath to Roger and Laura Ouimet husband and wife the land and all the building situated at 12 Dudley St. and also all the furniture, and everything contain in that house and also the automobile if there is one at the time of my death and, also ten thousand $10,000 dollars in cash I give my wife Cordelia Langlois power to sell at private or public auction any part or all of my personal or real estate, also power to mortgage, assign as she see fit or deem proper, except the property above mention given to Roger and Laura Ouimet."  The last clause of the will is an appointment of the widow as executrix without being required to furnish a surety on her bond.

In the Probate Court a decree was entered declaring that the petitioner is entitled to a fee simple in the real estate and an absolute interest in the personal estate, except as to the real and personal estate given by the will to Roger and Laura Ouimet "in which the petitioner has a life estate." Many of the respondents appealed.

1. We think that there was error in declaring that the widow has more than a life interest in the property which is not to go to the Ouimets at her death.  All that the testator wrote points to the creation of a life interest.  There

is the explicit phrase, "during her lifetime." *Browne* v. *Cogswell*, 5 Allen, 556, 557. *Mixter* v. *Woodcock*, 147 Mass. 613. *Boston Safe Deposit & Trust Co.* v. *Buffum*, 186 Mass. 242, 243. In contrast, this is followed immediately by the paragraph relating to the Ouimets containing language apt to create a fee simple in real estate and an absolute interest in personal property. See *Crowell* v. *Chapman*, 257 Mass. 492, 496. Next are separately given powers to sell, to mortgage, and to assign, which are inconsistent with an intent to give a fee or an absolute interest. *Baker* v. *Thompson*, 162 Mass. 40, 42. *Harlow* v. *Bailey*, 189 Mass. 208, 212. *Hull* v. *Adams*, 286 Mass. 329, 334. *Lincoln* v. *Willard*, 296 Mass. 549, 555. A power thus limited "by implication, excludes any power of conveying the property by will, and such a restriction upon the power of disposition is inconsistent with an estate in fee simple." *Kent* v. *Morrison*, 153 Mass. 137, 139. *Kemp* v. *Kemp*, 223 Mass. 32, 34. Save for the property to go to the Ouimets, there is no disposition of any remainder or subsequent interest. There is no residuary clause. There is, to be sure, a presumption against partial intestacy. *Hussey* v. *Hussey*, 323 Mass. 533, 534, and cases cited. Still this rule, which is not one of positive law but only of construction to effect the probable intent of the testator, does not apply where a different purpose is inferable from the will as a whole. *Hull* v. *Adams*, 286 Mass. 329, 334. Here we have merely the words of the testator as a means of ascertaining his intent. See *Sanderson* v. *Norcross*, 242 Mass. 43, 46. His words require a construction leading to partial intestacy. *Bragg* v. *Litchfield*, 212 Mass. 148. See *Sanger* v. *Bourke*, 209 Mass. 481, 486; *Holmes* v. *Welch*, 314 Mass. 106, 109; *Old Colony Trust Co.* v. *Johnson*, 314 Mass. 703, 709–710.

2. We are of opinion that the widow holds her life interest without power to consume the principal. The words, "to have and to hold and use same as she see fit during her lifetime," fall short of showing an intent to confer that power. The "power to sell at private or public auction" and "to mortgage, assign as she see fit or deem proper" is not con-

tiguous, but is in a separate part of the will. 'See *O'Reilly* v. *Irving*, 284 Mass. 522, 524. We think that this power relates to her duties fiduciary in character (*Parker* v. *Lloyd*, 321 Mass. 126, 134–135) and does not enlarge her interest as a life beneficiary, any more than does the fact of her appointment as executrix. *Browne* v. *Cogswell*, 5 Allen, 556, 557. Cases are to be distinguished where the testator used words allowing the consumption of the principal. *Kent* v. *Morrison*, 153 Mass. 137 ("full power to sell and convey the same by deed . . . and the proceeds thereof are to be used for her comfort, and otherwise as she may think proper"). *Stocker* v. *Foster*, 178 Mass. 591 ("with full power and authority to sell and dispose of any and every portion thereof, whenever in his judgment he may deem it conducive to his comfort"). *Dana* v. *Dana*, 185 Mass. 156 ("to sell and dispose of any or all of it at her pleasure and discretion, whenever she may think it necessary or expedient for her own comfort and happiness, without accountability to any person whomsoever"). *Goodrich* v. *Henderson*, 221 Mass. 234 ("empower him to use the principal of said estate for any purpose which he may deem expedient. Upon the death of my said husband . . . so much as may remain of said residue shall be divided"). *King* v. *Walsh*, 250 Mass. 462 ("sell in fee or mortgage said real estate, in her discretion, without license of any court, her deed to be sufficient, and of the proceeds . . . [she] may use the principal for her comfort or support in her discretion").

3. She is entitled to receive the property without giving security in the absence of any showing that it will be wasted, secreted, or removed. *Meins* v. *Pease*, 208 Mass. 478, 482, and cases cited. *Holmes* v. *Dunning*, 260 Mass. 250, 254. See cases collected in 14 A. L. R. 1066, 1070–1073; 101 A. L. R. 271, 273; 138 A. L. R. 440, 441–442.

4. The question remains as to whether the widow's estate is entitled to share in the intestate property upon her death. We think that her estate is so entitled. The case falls within G. L. (Ter. Ed.) c. 190, § 1, as amended by St. 1945, c. 238, § 1, which provides: "A surviving husband or wife shall

. . . be entitled to the following share in his real and personal property not disposed of by will: (1) If the deceased leaves kindred and no issue, and . . . the whole estate does not exceed ten thousand dollars in value, the surviving husband or wife shall take the whole thereof; otherwise such survivor shall take ten thousand dollars and one half of the remaining personal and one half of the remaining real property." There is nothing in the will indicating any intention that the life beneficiary should be barred from sharing in the intestate property or that the residue should not be disposed of according to law. *Nickerson* v. *Bowly,* 8 Met. 424, 431–432. *Johnson* v. *Goss,* 132 Mass. 274. *Crowell* v. *Chapman,* 257 Mass. 492, 498–499. *Old Colony Trust Co.* v. *Sullivan,* 268 Mass. 318, 320. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 711–712. See *Barker* v. *Monks,* 315 Mass. 620, 625, and cases cited; *Hendrick* v. *Mitchell,* 320 Mass. 155, 161. In *Bragg* v. *Litchfield,* 212 Mass. 148, the will contained enough to cause the court to reach the opposite conclusion.

5. The decree is reversed, and a new decree is to be entered in conformity herewith. The parties, including Cordelia Langlois, individually, are to have costs and expenses of this appeal in the discretion of the Probate Court.

*So ordered.*