OLD COLONY TRUST COMPANY, executor, *vs.* GLADYS G. SWIFT & others.

Bristol.   October 26, 1954. — December 1, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Executor and Administrator*, Distribution. *Personal Property*, Life estate. *Devise and Legacy*, Life estate.

Under a will bequeathing to the testator's wife tangible personal property "to have, hold and enjoy during her life" "without liability for waste . . . [or] for failure to insure," and bequeathing the property upon her death to remaindermen then to be ascertained, the wife was entitled to full possession and control of the property without giving security, and the testator's executor would have no duty respecting the care of the property or its disposition at her death and, by turning it over to her, completed distribution of it and ceased to be accountable for it.

PETITION, filed in the Probate Court for the county of Bristol on December 8, 1953, for allowance of an account filed by the petitioner as executor of the will of John G. Williams, late of Taunton.

The petitioner appealed from a decree by *Considine*, J.

*Finley H. Perry*, for the petitioner.

*Warren M. Swift*, for the respondents.

SPALDING, J.   John G. Williams, hereinafter called the testator, died on April 22, 1948, and his will was allowed on May 21, 1948. The Old Colony Trust Company was appointed executor. The testator was survived by his wife, Sophia E. Williams, hereinafter sometimes called the life beneficiary, who is still living. Under paragraphs A, B, C, and D of article First of the will the testator bequeathed to his wife certain tangible personal property, which consisted of a piano, a coat of arms, two clocks, a table, and a sideboard, and various articles of jewelry, silverware, and china "to have, hold and enjoy during her life." With respect to this property the testator provided that it was to go to cer-

tain of his relatives contingent upon their surviving the life beneficiary. In the event that any of these relatives did not survive the life beneficiary the property bequeathed to him was to go to his issue by right of representation. Paragraph E of article First provided in part as follows: "E. In the case of each life estate given my said wife under paragraphs A to D, inclusive, preceding, she shall take and hold without liability for waste and shall not be liable for failure to insure."

The total value of the personal property passing under paragraphs A, B, C, and D is $3,927.50 and all of it has been delivered to the life beneficiary. The executor has filed a first and final account in which the distribution of the personal property to the life beneficiary is shown in schedule B. A guardian ad litem was appointed to represent persons unborn and unascertained. Both the guardian ad litem and Mr. Swift, who is the legal guardian of two minors named as remaindermen and is counsel for another remainderman, appeared and objected to the allowance of the account. They took the position that the account should be allowed not as a first and final account but rather as a first account, for the reason that the title to the above mentioned personal property is presently in the executor and will remain there until the death of the life beneficiary. The judge in effect sustained this position and entered a decree allowing the account as a first account only and charging the executor with the value of the personal property. The executor appealed.

The question for decision is whether the executor has completed the distribution of the above mentioned personal property by turning it over to the life beneficiary. If it has then the decree below cannot stand.

We are of opinion that the decree was erroneous. It is clear that under the will the life beneficiary was entitled to full possession and control of the property. And in the circumstances obtaining here she was entitled to such possession and control without giving security. *Meins v. Pease*, 208 Mass. 478, 482. *Langlois v. Langlois*, 326 Mass. 85, 88.

It is also clear that no express duty was imposed on the executor to take charge of the property at the death of the life beneficiary. And we think such a duty was not imposed by implication. On the contrary a reading of the will convinces us that the testator did not contemplate imposing such a duty. In relieving the life beneficiary from liability for waste and for failure to insure, the testator must have intended the remaindermen to take only what was left of the personal property at the termination of the life estate.

A case closely resembling the present is *Lynde* v. *Estabrook*, 7 Allen, 68, which, if it does not fully support the conclusion here reached, goes far in that direction. There the testator left the residue of his real and personal property to his wife "to be used, managed and improved by her at her discretion, and for the benefit of herself and children," so long as she should remain the widow of the testator. The will further provided that all the estate which should remain at her decease or marriage was to be divided equally among the testator's children and "the heirs of any deceased child." The residue of the testator's personal estate which came into the hands of the executors consisted principally of household furniture, animals, farming tools, hay and grain, the appraised value of which was $791.62. The testator's widow, who was also the surviving executrix, took possession of this property and gave a receipt therefor. Upon her death her administrator filed an account showing that no part of the estate of the testator remained in her hands and a decree was entered allowing the account. The administrator de bonis non with the will annexed of the testator's estate appealed. It was held that it was proper for the widow to take the property as legatee; that the executors were not responsible to her children or their representatives for its preservation; and that they should not be charged for it in their account.

In other jurisdictions in situations similar to that here involved it has been held that the remaindermen are entitled to the possession of the property on the death of the life tenant without the necessity of any action by the execu-

tor of the testator. *Akin* v. *Akin*, 78 Ga. 24, 27. *Crean* v. *McMahon*, 106 Md. 507, 518–524. *Weeks* v. *Jewett*, 45 N. H. 540, 543. *Dodson* v. *Sevars*, 7 Dick. (N. J.) 611, 617. *Van Norden Trust Co.* v. *O'Donohue*, 122 App. Div. (N. Y.) 51, 54. *Posegate* v. *South*, 46 Ohio St. 391, 396. *McKoy* v. *Guirkin*, 102 N. C. 21, 23. The fact, as here, that all the remaindermen cannot be ascertained until the death of the life beneficiary does not militate against the conclusion here reached. Of course, there might be situations where under the will, either expressly or by implication, certain duties in connection with the care or distribution of the property were imposed on the executor. That would present a different question. But the case at bar is plainly not of that sort.

We hold therefore that in the circumstances obtaining here the executor by turning the property involved over to the life beneficiary did all that it was required to do, and was no longer accountable for it. It follows that the decree is reversed and a new decree is to be entered allowing the account as a first and final account.

*So ordered.*