EDWARD H. JUDKINS *vs.* HENRY B. JUDKINS & others.

Persons entitled to life estates in land as tenants in common can have partition under the Gen. Sts. *c.* 136, §§ 3, 4, although their estates are subject to a condition, if there has been no breach of the condition; but the partition cannot affect the rights of the remaindermen.

PETITION for partition of land in Billerica and Carlisle, against Henry B. Judkins and his two minor children. A guardian *ad litem* was appointed for these minors, and for unborn children of the petitioner and of Henry B. Judkins; and he assented to the partition, as did also Henry B. Judkins. The case, as it appeared from the petition and answers, on which it was reserved by *Ames*, J., for the determination of the full court, was as follows :

Lucy H. Foster, who died in 1869, devised all the residue of her real estate, which included the land of which partition was sought, " to my nephews Henry Benjamin Judkins and Edward Hill Judkins, as tenants in common for and during the term of their natural life, and at the death of either of them then one undivided half to his child or children respectively, if he shall leave any surviving, otherwise to his surviving brother for life ; and on the death of the survivor, then to his child or children, and the share of said survivor shall also go at his death to his child or children, and their heirs. And it is my will that no wood shall be cut from the said real estate, except such as may be necessary for the repairs of the fences, farm-houses or other buildings on the said premises, or for consumption as fuel in the said houses, or for the personal use of my said nephews. And it is my will also, that no wood shall be cut from the said real estate, except such as may be in a perishing condition, or except for the pur-

poses above mentioned, until the expiration of twenty years from the date of my decease, and all wood which shall at any time during said twenty years be sold from said premises must oe cut and corded on the same and sold only at private sale. And it is my will further that the said Henry Benjamin Judkins and Edward Hill Judkins shall keep the said premises in good repair and take good care of the forest and shade trees and cranberry vines on the said estate, and in case of their failure so to do and to keep and perform the conditions above named, then I revoke the said devise and bequest to my said nephews, and give, devise and bequeath the said real estate to the children of the said Henry Benjamin Judkins and Edward Hill Judkins, to be held in trust for them by such guardian or trustee as the probate court shall appoint, until they shall reach the age of twenty-one years ; but it is my will that no stepfather of the children, or of any or either of them, shall be appointed guardian for any or either of them, or trustee of the property hereby devised or the proceeds thereof."

The petitioner was unmarried. Henry B. Judkins was married, and had the two children above mentioned, and no others.

*C. P. Curtis*, for the petitioner.

No counsel appeared for the respondents.

COLT, J. The petitioner has only a life estate in the premises of which he seeks partition. He is tenant in common for life with his brother Henry B. Judkins. The partition, therefore, can extend only to the interest of which they are seised, and does not affect the rights of those who may have title to the remainder. The devise under which the life tenants claim was upon a condition subsequent, which requires them to take good care of the premises, and restrains them from committing waste ; but until there has been a breach of the condition, they have all the rights of tenants of the freehold for life. Gen. Sts. *c.* 136, §§ 3, 4.

*Judgment for partition of the estate for life only.*