## LOREN D. TOWLE *vs.* MARY S. WINGATE.

Middlesex.   January 11, 1918. — March 2, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Partition.   Devise and Legacy.*

A testatrix by her will gave to her two nieces, Sarah and Mary, /"the use of my homestead . . . including buildings and one acre of garden . . . to have the use of all, free of rent; and I direct my executors to pay all expenses of estate . . . from the income of funds in their possession, all taxes, assessments, insurance and all proper repairs upon the estate so given, at an expense, however, not to exceed two thousand dollars in any year, any additional expenditures thereon to be made by said Sarah and Mary, or whichever of them shall occupy said homestead estate; should neither said Mary or Sarah wish to occupy said estate, the same shall be sold by my executors, and the proceeds thereof revert to the residue of my estate." She also gave to the two nieces "the contents of the buildings of said homestead," but the furniture, pictures, ornaments and books were not to be removed from the house "except by their mutual consent . . . so long as either of them shall occupy it." Both nieces occupied the homestead until one of them ceased to do so and made a deed to a third person of all her interest in the homestead and such person brought a petition' for partition against the other niece, who continued to live in the homestead, which was a one family house. *Held*, that the petition must be dismissed, as the right to use the house was not transferable, it having been the intention of the testatrix that the possession of the house should not be interfered with as long as either of her nieces wished to use it.

PETITION FOR PARTITION, filed in the Superior Court on June 5, 1917, as described in the opinion, of a certain parcel of land with the buildings thereon in Newton, alleging that the petitioner is the owner of a life estate in an undivided half of the property.

The respondent's answer, among other matters, alleged that the respondent is entitled to the entire possession and exclusive occupancy of the property during the term of her natural life.

The case was heard by *Aiken*, C. J., without a jury. The facts are stated in the opinion. The Chief Justice made the rulings requested by the respondent and refused to make certain rulings requested by the petitioner. He made an order that the petition be dismissed; and the petitioner alleged exceptions.

*T. W. Proctor,* (*H. T. Richardson* with him,) for the petitioner.

*F. M. Forbush,* for the respondent.

CARROLL, J. The petitioner asked for the partition of a tract of land in Newton, formerly owned by Mary Shannon. In the Superior Court the petition was dismissed. The case is here on the petitioner's exceptions to the judge's rulings and refusals to rule.

Mary Shannon in the fifth paragraph of her will gave to her nieces (the respondent and her sister Sarah), "the use of my homestead in said Newton, including buildings and one acre of garden, . . . to have the use of all, free of rent; and I direct my executors to pay from the income of funds in their possession, all taxes, assessments, insurance and all proper repairs upon the estate so given, at an expense, however, not to exceed two thousand dollars in any year, any additional expenditures thereon to be made by said Sarah and Mary, or whichever of them shall occupy said homestead estate; should neither said Mary or Sarah wish to occupy said estate, the same shall be sold by my executors, and the proceeds thereof revert to the residue of my estate." In the sixth paragraph of the will the respondent and her sister Sarah were given "the contents of the buildings of said homestead;" but the furniture, pictures, ornaments and books were not to be removed from the house "except by their mutual consent . . . so long as either of them shall occupy it."

In May, 1916, the petitioner purchased from the executors of the will of Mary Shannon approximately twenty-nine and one half acres of land, which included the tract of land of which partition is sought in this proceeding. The deed was "subject to the tenancy of Sarah Pearson Wingate Taylor and Mary Shannon Wingate" in the premises described in the petition, which comprise about three and one half acres and include the homestead formerly occupied by the testatrix. The respondent and her sister occupied the premises until September, 1916, when Mrs. Taylor (Sarah Pearson Wingate) transferred to the petitioner all her interest in the premises. The respondent has continued to occupy them to the present time. The building is a single family house.

The claim of the petitioner to partition depends upon his right to an estate in possession of the land devised to the respondent and her sister, the statute providing "Joint tenants or tenants in common who, . . . have, respectively, an estate in possession of land may file a petition for partition." R. L. c. 184, § 2. The

will of Mary Shannon gave to her two nieces the use of her homestead free of rent and free from all expense to the extent of $2,000 a year, as long as either of them should occupy it. The respondent and Mrs. Taylor had the exclusive possession as long as they occupied it. It was intended by the will that the premises should be their home, and if one of them ceased to occupy it the right to hold and possess it belonged to the one who remained in occupation. Mrs. Taylor could not deprive her sister of this right by residing elsewhere; the conveyance by her of her interest in the property did not deprive the respondent of her title nor give to the petitioner the right of possession against her. It was not intended by the testatrix that the possession of this house, designed and constructed for the use of one family, should be interfered with as long as either of her nieces desired to use it. If the petitioner can secure the partition of the premises the sole and exclusive possession of the respondent would be destroyed. This would be contrary to the declared intention of the testatrix.

In *Whiting* v. *Whiting*, 15 Gray, 503, a testator gave to his daughter, the defendant, "the right to reside in and use and occupy as heretofore accustomed my present dwelling-house as long as she remains unmarried." The same devise was given to another daughter who married and whose right in the house had been thereby extinguished. It was decided that the defendant had the right to the use and occupation of the whole of the dwelling-house. Her enjoyment of this right excluded all other tenants and occupants and the occupancy of any part of it by others was inconsistent with the privilege granted. See *Kingman* v. *Kingman*, 121 Mass. 249.

In the case at bar the executors were authorized to sell the land and building only when Mary and Sarah ceased to occupy the estate. The stipulation requiring the payment of taxes and expenses was solely for the benefit of the devisees, and contemplated the exclusive possession of the homestead by either or both of them, free from intrusion by all other occupants. The entire will shows that the purpose of the testatrix was to have the home continued with the use and occupation substantially as her nieces had enjoyed it during the lifetime of the testatrix, free from disturbance by third persons.

As the petitioner is not entitled to possession of the whole or a part of the premises, the petition for partition was dismissed properly.

*Exceptions overruled.*