JAMES F. CONNOLLY *vs.* JOSEPH J. KILCOURSE.

Suffolk.    January 2, 1934. — February 15, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Landlord and Tenant*, Title of landlord, Tenant's liability for rent.

In an action by a landlord against a tenant for rent of real estate, where the tenant in his answer did not set up eviction by a title superior to the plaintiff's and it appeared that he still was undisturbed in possession of the premises, the tenant was *held* not entitled to question the validity of the title of the landlord, and to be liable upon his agreement to pay rent to the landlord.

CONTRACT. Writ in the District Court of Chelsea dated October 3, 1932.

In the District Court, the action was heard by *Walsworth*, J. The pleadings and material evidence are described in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Northern District, where the finding was vacated and judgment was ordered entered for the plaintiff. The defendant appealed.

In the briefs of both parties filed in this court, no question of pleading was raised, and the only questions argued related to the validity of the title held by the plaintiff.

*F. J. Muldoon*, for the defendant, submitted a brief.

*G. F. Mitchell*, for the plaintiff.

WAIT, J. This is an action of contract for rent. The answer is a general denial. The defence is that the plaintiff does not have title to the premises. There is no dispute that the plaintiff rented the premises to the defendant on July 25, 1932, at $35 a month, to begin August 1, 1932, payable on the fifteenth day of each month. The defendant took possession on July 26, 1932. He has since held possession. On August 1, 1932, a mortgagee made formal entry for possession for breach of condition and for purposes of foreclosure. The plaintiff on August 3, 1932, made a formal entry under a tax title. August 15, 1932, the de-

fendant paid the plaintiff rent for one month, in ignorance of the mortgagee's entry. August 23 the mortgagee notified the defendant to cease paying rent to the plaintiff and to pay to the mortgagee. The mortgage was foreclosed and the mortgagee took title November 2, 1932. The defendant has paid no rent since the August payment. The only title of the plaintiff was under a tax title deed. The trial judge found for the defendant, refusing various requests of the plaintiff with reference to his tax title deed. On report the Appellate Division vacated the finding, and ordered judgment for the plaintiff for the rent from September 1 to October 1, 1932, with interest.

There is nothing in this appeal.

A tenant in undisturbed possession cannot question his lessor's title. *Cobb* v. *Arnold,* 8 Met. 398. *Magaw* v. *Beals,* 242 Mass. 321. He has agreed to pay for use of the premises and he is liable on that agreement so long as he has the use. It is immaterial whether or not the landlord has a good title. The tenant has no right to challenge the landlord's right based upon the agreement to pay.

We need not consider questions of title even if they have been argued, and although the parties tried the case upon these immaterial issues. The only defence possible for the defendant is eviction by superior title, and he has not so pleaded.

*Order of Appellate Division affirmed.*