PAUL L. HINCKLEY, executor, *vs.* PAUL S. CLARKSON & others.

Worcester.    May 5, 1954. — June 4, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Devise and Legacy,* Life estate. *Personal Property,* Life estate. *Words,* "Use."

A gift in a will of personalty "to . . . [the testatrix's] brother . . . with the right to use the property during his lifetime, and on his death to be divided equally among" others, gave him a life estate with the right to the income of the property during his life but not the right to alienate or consume the property.

PETITION for instructions, filed in the Probate Court for the county of Worcester on March 3, 1953, by the executor of the will of Mary E. O. P. Payne, late of Worcester.

The case was heard by *Rice,* J.

*Paul L. Hinckley,* stated the case.

*John W. Fellows,* for Paul S. Clarkson and another.

*Richard W. Dearborn,* for Luman C. Pendell.

LUMMUS, J.    Mary E. O. P. Payne, late of Worcester, died on November 10, 1951, leaving a brother and seventeen nephews and nieces.    By her will, proved and allowed on December 5, 1951, she gave legacies of $100 to each of fourteen of her nephews and nieces.    She gave $1 to another niece, $300 to another, and $400 to another.    She devised specifically all her real estate, with the exception of one parcel which the executor sold under license of the Probate Court.

The thirteenth paragraph of the will read as follows: "All the rest and residue of my estate of whatever nature and wherever situated I give, devise and bequeath to my brother, Luman C. Pendell, of Mokalumma Hill, California, with the right to use the property during his lifetime, and on his death to be divided equally among my nieces and nephews."

On March 3, 1953, the executor brought a petition for instructions as to the meaning of that paragraph.    On November 12, 1953, the Probate Court instructed the executor that Luman C. Pendell is entitled "to use principal and income of said property."    Paul S. Clarkson and Grace C. Wilkinson, a nephew and niece of the testatrix, appealed.

The words "with the right to use the property during his lifetime" in the will before us point as clearly to the creation of a life estate as did the words "to have and to hold and use same as she see fit during her lifetime" in *Langlois* v. *Langlois*, 326 Mass. 85.    The right to "use" the property in the will before us is no more a right to consume it than was the right created by the words in that case.    Cases are to be distinguished where words were used giving over to remaindermen what may remain at the death of the life tenant, thereby implying that a part or the whole of the principal may be alienated or consumed by the life tenant. *Goodrich* v. *Henderson*, 221 Mass. 234.    And see the cases cited in *Langlois* v. *Langlois*, 326 Mass. 85, 88.    We think that the "use" of the property given to Luman C. Pendell was the right to the income of the property during his life,

and not a right to alienate or consume it and thus to deprive the nieces and nephews of their expected interest in it. The case is not like those in which the testator has given an unqualified interest or fee simple, and then has tried to cut it down by an inconsistent gift over of what may remain at the death of the first taker, illustrated by *Davis* v. *Davis,* 225 Mass. 311, *O'Reilly* v. *Irving,* 284 Mass. 522, and *Mills* v. *Blakelin,* 307 Mass. 542. Neither is the case like one of a gift of property necessarily consumed in its use, such as food or drink.

The decree of the Probate Court is reversed, and a new decree is to be entered, instructing the executor that Luman C. Pendell is entitled to use only the income of the residue of the estate during his lifetime. So much of the decree as relates to the share of Grace C. Wilkinson after the death of Luman C. Pendell, if she is a niece of the testatrix, is to be incorporated in the new decree. That part of the decree is not the subject of controversy.

The allowance of costs and expenses is to be in the discretion of the Probate Court.

*So ordered.*