MILES BREARE *vs.* BOARD OF ASSESSORS OF PEABODY.

Suffolk.   January 7, 1966. — March 9, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: exemption. *Real Property,* Life estate, Tenancy in common. *Tenants in Common.*

A deed of real estate reciting that the grantor reserved "the right to occupy the premises with the grantee during the term of his natural life" gave the grantor an estate in common with the grantee during the grantor's life. [392–393]

Where the grantor in a recorded deed of real estate reserved therein to himself an estate for his life in common with the grantee, who was not his wife, the grantor thereafter had sufficient interest in the property to qualify him, he being otherwise qualified, for an exemption under G. L. c. 59, § 5, Forty-first. [393]

APPEAL from a decision by the Appellate Tax Board.

*Timothy J. O'Keefe* for the taxpayer.

No argument or brief for the Board of Assessors of Peabody.

CUTTER, J.   Breare is over seventy years old. He had his domicil in Massachusetts for ten years prior to January 1, 1964. He owned a camp, garage, and four acres of land (the locus) in Peabody. The locus was assessed as of January 1, 1964, at a valuation of $2,500. The assessed value of all Breare's real property does not exceed $14,000.

We assume (although this is not clear from the record) that Breare's brief correctly states that the tax of $220.50 was assessed to one Skerry, to whom Breare had given a warranty deed of the locus in 1963. This deed in the statutory warranty deed form contained the statement that "[t]he grantor [Breare] reserves the right to occupy the premises with the grantee [Skerry] during the term of his natural life." Breare's total net income in 1963 was less than $4,000 and his and Skerry's combined net income is less than $5,000.

Breare applied to the Peabody assessors for an abatement of the tax. From their failure to act upon his application he appealed to the county commissioners. The assessors elected to have the case heard by the Appellate Tax Board, which entered a decision for the assessors. Breare appealed.

The question for decision is whether Breare has any interest in the land sufficient to entitle him to the benefit of the tax exemption for certain elderly persons given by G. L. c. 59, § 5, Forty-first, inserted by St. 1963, c. 808, § 1. This statute has been quoted in part in *Kirby* v. *Assessors of Medford, ante,* 386, 387, fn. 2. Additional provisions here relevant are set out in the margin.[1] See *Assessors of Everett* v. *Formosi,* 349 Mass. 727, 728, fn. 1. Breare satisfies all requirements for the exemption, if his interest in the locus may be regarded as "[r]eal property" and if he can be said to have "owned such real property either individually, jointly, or as a tenant in common, for the preceding five years."

Breare contends that his reservation by deed (of "the right to occupy the premises with the grantee during the

---

[1] Proviso (C), not relevant in the *Kirby* case, reads: "(C) . . . in the case of real estate owned by a person jointly or as a tenant in common with a person not his spouse, the amount of his exemption under this clause shall be that proportion of four thousand dollars which the amount of his interest in such property bears to the whole value thereof, provided no exemption shall be granted to any joint tenant or tenant in common unless the combined net income from all sources both taxable and non-taxable of such joint tenants or tenants in common and their respective spouse is less than five thousand dollars."

term of his natural life'') gives him a life estate, as tenant in common with Skerry.   Whatever Breare's interest may be, its extent, as shown in the deed, is a matter of record. Thus no question whether he has record title is here presented.   Cf. the *Kirby* case, *ante,* 386, 390–391.

Breare's intention probably was to reserve the right to occupancy during his own life rather than for the life of Skerry.   If by the deed he reserved a freehold estate (see Am. Law of Property, § 1.8), we assume it was a life estate for his own life rather than the ''type of life estate called . . . [an] estate *pur autre vie*'' for the life of Skerry. Somewhat anomalous arrangements in respect of real estate, coterminous with a named life or named lives, have been construed as creating a life estate.   See *Fuller* v. *Wilbur,* 170 Mass. 506, 507; *Tinkham* v. *Wind,* 319 Mass. 158, 159–160; Restatement: Property (and 1948 Supp.), §§ 107– 111, 126, 152; Powell, Real Property, §§ 201–202; Tiffany, Real Property (3d ed.) §§ 25, 50 et seq.   See also *Judkins* v. *Judkins,* 109 Mass. 181, 182; *Allen* v. *Libbey,* 140 Mass. 82, 83–84; *Langlois* v. *Langlois,* 326 Mass. 85, 86–87; *Hinckley* v. *Clarkson,* 331 Mass. 453, 454 (personalty); *Brunton* v. *Easthampton Sav. Bank,* 336 Mass. 345, 347–348; Schnebly, Power of Life Tenant or Remainderman to Extinguish Other Interests by Judicial Process, 42 Harv. L. Rev. 30, 41 et seq.   The intention of the somewhat ambiguous reservation in the deed granting Skerry a fee appears to have been to make Breare a tenant in common with Skerry during Breare's life.   Skerry, however, was to have the whole fee interest subject to Breare's reserved life interest.[2]   Under the deed thus interpreted those who join in this opinion conclude, without considering in detail the incidents (see Am. Law of Property, §§ 2.16–2.17) of Breare's life interest, that Breare has a sufficient property interest in the locus, as tenant in common during his life, to entitle him to the recognition of the exemption of that interest under c. 59, § 5, Forty-first.

---

[2] The assessors did not file a brief.  Skerry has not been made a party. The meager record discloses nothing inconsistent with our interpretation.

This is a decision by a majority of the court.

The decision of the Appellate Tax Board is reversed. The case is to be remanded to the board to compute the amount of the allowable exemption and to grant an abatement (with interest if the tax has been paid) which gives effect to that exemption.

*So ordered.*