CELIA L. BERNAT & another[1] *vs.* HELEN V. KIVIOR & another.[2] June 30, 1986. *Deed,* Construction. *Real Property,* Life estate, Partition.

It is common ground among the parties that the resolution of the questions reported by the Probate Court judge (see G. L. c. 215, § 13) turns on whether Helen V. Kivior owns a life estate in the large rural tract in Savoy which is the object of controversy.

Whatever interest Helen has, she acquired under a deed dated May 10, 1963, from Walter Kivior. We proceed to analyze that instrument. *Harrison* v. *Marcus,* 396 Mass. 424, 428 (1985). The deed conveyed 207 acres and a dilapidated residence to Alice E. Hadala, Frances Varno, Celia L. Bernat,

---

[1] Alice E. Hadala. The record indicates that Alice E. Hadala died after the petition for partition was filed in the Probate court.

[2] Mildred D. Lagowski.

and Mildred D. Lagowski as joint tenants. Following a metes and bounds description of the property, record references, and statement that the consideration was less than $100, the deed contained the following one-sentence paragraph:

> "Said premises are conveyed subject to the rights of Helen V. Kivior to occupy the granted premises for the rest of her life."

Helen was the grantor's fifth daughter.[3]

The action now on appeal began with a petition for partition brought by Hadala and Bernat. It was objected to by Lagowski and Helen Kivior. Varno had died. In terms of language and placement in the document, the deed is inartistic. A deed with a granting clause conveying to "Helen V. Kivior for life, the remainder to Alice E. Hadala, Frances Varno, Celia L. Bernat and Mildred D. Lagowski, as joint tenants" would have been a clearer manifestation of intent. Nonetheless, upon a review of the authorities, we are satisfied that the reservation of "rights . . . to occupy the granted premises for the rest of her life" conferred a life estate.

In *Thayer* v. *Shorey*, 287 Mass. 76, 78 (1934), similar, though not identical, language (grantor reserved "to herself the right to occupy, rent, or improve the granted premises during her life") was construed as creating a life estate. In *Langlois* v. *Langlois*, 326 Mass. 85, 86-87 (1950), a testamentary bequest "to hold and use [the property] as she see[s] fit during her lifetime" was held to create a life estate. Language closer to that which appears in the instant case was employed by the grantor of a deed in *Breare* v. *Assessors of Peabody*, 350 Mass. 391, 392-393 (1966). There the grantor reserved "the right to occupy the premises with the grantee during the term of [the grantor's] natural life." The court concluded that Breare, the grantor, had reserved a life estate for his own life. See also *Hinckley* v. *Clarkson*, 331 Mass. 453, 454 (1954); *National Shawmut Bank* v. *Zink*, 347 Mass. 194, 195-196 (1964); *Corrigan* v. *O'Brien*, 353 Mass. 341, 346-350 (1967). The same consequence attends the reservation by a grantor of a right to occupy by a third person. See *Baxter* v. *Bickford*, 201 Mass. 495, 496-497 (1909); *Hinckley* v. *Clarkson*, 331 Mass. at 454; Park & Park, Real Estate Law § 124 (1981); 2 Powell, Real Property par. 202 n.9 (Rohan ed. 1985). Compare *Kendall* v. *Clapp*, 163 Mass. 69 (1895); *Brunton* v. *Easthampton Sav. Bank*, 336 Mass. 345, 346-347 (1957).

With the issue of Helen's life estate resolved, the balance of the case falls into place. The right to partition presupposes a present, possessory interest in land. G. L. c. 241, § 1. *Towle* v. *Wingate*, 229 Mass. 566, 567

---

[3] During oral argument, Lagowski's counsel described the contending parties as sisters of the grantor. The reservation and report of the Probate judge describes them as daughters. We adhere to the written record. Nothing would turn on the difference in relationship of the five women to the grantor.

(1918). Here the right of Helen to occupy the premises deferred the possessory interest of her siblings. This follows because the right to use inherent in a life estate is itself — unless the governing instrument otherwise states — an exclusive possessory interest. 1 American Law of Property § 2.16 (Casner ed. 1952). Restatement of Property § 7, §§ 107-108, § 117 (1936). The holder of a remainder interest only may not maintain partition proceedings. *Allen* v. *Libbey*, 140 Mass. 82, 83 (1885). *Watson* v. *Watson*, 150 Mass. 84, 85 (1889). 2 Newhall, Settlement of Estates § 303 n.3, at 317 (4th ed. 1958). Schnelby, Power of Life Tenant or Remainderman to Extinguish Other Interests by Judicial Process, 42 Harv.L.Rev. 30, 46 (1928).

The judge's first question was: "Do the plaintiffs have a present undivided legal estate entitling them to partition?" We answer "No." Thus, there is no necessity to answer Question No. 2. The petition for partition is to be dismissed.

*So ordered.*

*Janice J. Cook* for Mildred D. Lagowski.
*Leonard A. Turgeon* for Helen V. Kivior.
*Michael J. Shepard* for the plaintiffs.