McGuane, J.
This matter is before our Division on appeal from the Trial Judge’s denial of a motion for reconsideration.
The facts in this case are not in dispute.
The plaintiff brought suit for real estate taxes paid to the town of Webster on property located at 108 Lake Street, Webster, Mass.
The plaintiff was owner of the real estate, left to him under his sister’s will. The property was subject to a life estate in the plaintiffs brother, the defendant in this case.
In her will, the sister devised a life estate to the defendant, requiring the defendant to pay ($32.00) per month rent as long as he lived on the premises.
The Trial Judge made the following finding — that there were no material issues of fact and the following legal issues were ruled on as follows:
(a) The defendant is a life tenant, and as such, has a duty to pay taxes. Thayer v. Shorey, 287 Mass. 76 (1934).
(b) When the life tenant fails to pay taxes, an action of waste can be maintained against him.
(c) The plaintiffs qualify as the persons having the next immediate estate. General Laws Chap. 242, section 1.
(d) Since a life tenant is entitled to the rents and profits, the defendant may offset the taxes due by the rent paid pursuant to the will of Agnes Jarosz.
(e) This action for waste begins on the date the will of Agnes Jarosz was allowed, November 5, 1984.
(f) Summary Judgment, when appropriate, may be rendered against the moving party. MRCP 56 (c).
Therefore, since the income from the rent exceeds the amount of the taxes paid by the plaintiffs, I order that judgment enter for the defendant.

DISCUSSION

It is basic horn book law that the owner of a life estate has the duty to pay taxes on the premises. He also has the corresponding right to the rents and profits from the estate.
In this case, the life tenant was paying rent to the remainderman and the remainderman was paying the real estate taxes.
The Trial Judge in his decision found correctly that the life tenant had the duty to pay taxes as well as finding that he was entitled to a credit for the rents he had paid to the plaintiff.
*182 To find otherwise, the plaintiff remainderman would be receiving the rents and profits as well as requiring the life tenant to pay the taxes.
We agree with the Trial Justice that the life tenant receive credit for the rent paid and since it exceeded the amount claimed for taxes, that the entry of Summary Judgment for the defendant was appropriate.
There being no prejudicial error the report is dismissed.