Creedon, J.
The defendants-landlords, Steven Dubrow and Margaret Dubrow (“the Dubrows”), appeal from an award of damages for the plaintiff-tenant John Kelly’s (“Kelly”) claim of conversion of his trade tools and personalty. The Dubrows argue: 1) that the trial judge erred in denying their request for findings of fact and in his denial of their requests for rulings of law; 2) that the judge erred in excluding a witness for their defense; and 3) that the judgment misstates the damage awarded by the trial judge on their counterclaim and that the award should have included an award of interest
1. We first address the propriety of the trial judge’s rulings regarding the Dubrows’ request for findings of fact and their requests for rulings of law. It is fundamental to district court practice that a judge is not obligated to make findings of *43 fact Stigum v. Skloff, 2000 Mass. App. Div. 63, reciting district court procedure in conforming with Rule 52(c) of the Rules of Civil Procedure. Nor, need a judge rule upon requests for rulings of law that are not in proper form,[3] Boston University v. Raymond, 1997 Mass. App. Div. 47, or are requests that are based upon a mixed question of law and fact Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944). We have reviewed the judge’s ridings on the Dubrows’ requests for rulings of law and find no error. The requests are either not in proper form or involve mixed questions of law and fact The judge properly ruled upon the requests for findings of fact and rulings of law. Request number 8; “on all the law, a finding for the Dubrows is warranted” was not ruled on by the judge and accordingly is denied by Rule 64A(c) of the Massachusetts Rules of Civil Procedure. Its denial is proper as it does not, as a request, conform with Rule 64A(a). The request states “on all the law...” but then tails to recite any legal authority.
Inasmuch as the Dubrows’ appeal claims that there is “no basis in fact for a conclusion that [they] engaged in the tort of conversion” we shall, notwithstanding the deficiency in the manner in which the requests for ridings of law were presented, review the judgment award to determine if it is supported by the evidence. Kimball v. Liberty Mut. Ins. Co., 1999 Mass. App. Div. 298. We briefly set out the facts that the trial judge was warranted in finding.
The trial judge could have properly found that Kelly, beginning in 1994, rented a three bedroom condominium from the Dubrows located in an area of West Har-wich, MA known as Pinewood Village. Kelly, a self-employed professional glazier, used one bedroom as a business office, another for storage of his trade tools and the third as his sleeping quarters. In late summer of 1997, the Harwich Board of Health determined that the premises and other adjoining property were being affected by polluted underground well water that supplied water to the premises. The Harwich Board of Health condemned the properties and ordered that they be vacated by September 27,1997.
Kelly left the property on September 27,1997, leaving in the premises his pets, furniture, clothing, business records, trade tools, and marine equipment It was Kelly’s intention to leave his trade tools and business records behind at the property along with his dogs until he found a rental unit that would allow him to keep his dogs on the premises. It was Kelly’s belief that he would find an appropriate rental unit by November 1st of that year.
Kelly returned on a daily basis, after leaving the premises on September 27, 1997, to remove some tools and paper work needed to operate his daily business and to attend to his dogs. On October 17,1997, he left and secured the property. On October 19, 1997, sometime between 9-10 am., Kelly again returned to the condemned property. This time he intended to remove his belongings. Except for a few items of furniture, all of his personal property had been removed from the housing unit and the windows to the property had been boarded up. Kelly was able to locate some of his belongings in a storage shed located on the property and inside a Chevrolet pick-up truck left on the premises. Some of his belongings that were stored outside on the premises were damaged by the weather. He was unable to locate his trade tools, business records or some of his marine equipment
Kelly contacted the Dubrows to inquire about the missing tools. In a less than business like or friendly tone, Kelly asked the Dubrows about the location of his trade tools and informed the Dubrows of a law suit that would follow if they did not return his tools. The Dubrows retorted that they were not aware of the location of his tools. Kelly did discover at a later time, however, that the Dubrows took his *44 tools and purportedly stored those tools in a storage locker located in Dennis, MA
Kelly filed this complaint on October 30, 1997 along with a real estate attachment An order of transfer of property was issued by the Court on August 26,1999. When Kelly went to the storage facility with a Deputy Sheriff to retrieve his property, the key which was given to the deputy by the Dubrows’ counsel didn’t fit the lock The lock was cut Inside the storage locker Kelly did find some tools on the floor of the storage locker. Yet a half dozen tool boxes that he had used to store his tools were empty along with other boxes that were used to store tools. He did not find the missing marine equipment
The first issue we address is whether upon the Town of Harwich’s condemnation of the property, did Kelly retain possession of the premise? The answer is that upon condemnation Kelly became a tenant at sufferance. Lowell Housing Authority v. Save-Mor Furniture Stores, Inc., 346 Mass. 426 (1963). Kelly thus remained in possession of the property unless he abandoned the property. There was sufficient testimony in the record to indicate no intention on Kelly’s part to abandon the premises or its contents.
The Dubrows argue that they acted reasonably due to the apparent condition of the interior of the premises and their belief that the premises were abandoned. While the condition of the premises may have been less than sanitary because of Kelly’s dogs, “it is no defense to an action for conversion that a defendant who exercised dominion over the goods did so in good faith, reasonably being mistaken in thinking the facts to he such as would give him a legal right to the goods.” Row v. Home Savings Bank, 306 Mass. 522, 525 (1940). Where all of Kelly’s personalty, tools of value, business and tax records, marine equipment, and pets remained on the premises, the requisite showing of abandonment was not found by the court
What then does this mean in terms of the tort of conversion? “One who intentionally or wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of possession at the time is liable for the tort of conversion.” See generally NOLAN, TORT LAW §35 (1979). The “basic question that was to be determined by the [judge was]: What, if anything, did [the Dubrows] do to prevent [Kelly] from taking possession of [his] goods?” Abington Nat. Bank v. Ashwood Homes Inc., 19 Mass. App. Ct. 503 (1985). From the evidence, the judge was warranted in finding that the Dubrows removed Kelly’s tools from the premises, and refused to tell him where they could be located, disposed of his business records, and did not return some of his marine equipment We find no error of law and therefore affirm the decision.
2. The Dubrows secondly argue that they were denied the testimony of a witness, Mr. Marshall Marcus, who was excluded by the trial judge. We find no error.
A review of the transcript indicates that the Dubrows sought to hear testimony from a witness who was never identified prior to trial to Kelly. The judge heard arguments offered by counsel for the Dubrows as well as counsel for Kelly. Since the witness was never identified in a pre-trial conference report, or otherwise prior to trial, the judge sustained the objection by Kelly’s counsel and excluded the witness. Counsel for the Dubrows indicated that he could go forward with his defense without the witness and otherwise made no other objection at trial, nor did he request a ruling of law specifically on the issue of excluding the witness.
Rule 46 of the Mass. Rules of Civil Procedure requires the objecting party at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his ground therefor. The Dubrows’ counsel did not object and state the grounds for the objection, or in arguing indicate how the excluded witness would harm him. The judge’s exclusion was well within his discretion. Solimene v. B. Gravel & Co. KG, 399 Mass. 790, 799 (1987). “[Appellate Courts will] not interfere *45 with the judge’s exercise of discretion in the absence of a showing of prejudicial error resulting from an abuse of discretion.”
3. The last issue for review concerns the amount of the judgment and interest on defendant's counterclaim. It is not contested that there is error in the entry of judgment in both the amount entered for the Dubrows on their counterclaim for rent owed and the absence of interest upon that award. The trial judge found for the Dubrows in the amount of $1,740.00. Judgment entered as $1,470.00. No interest was awarded as provided by G.L.C. 231, §6C.
The finding of the trial court is affirmed. The case is remanded to the trial court where the clerical error shall be corrected pursuant to Mass. R Civ. E, Rule 60(a), that judgment entered for $1,740.00.
Prejudgment interest pursuant to G.L.c. 231, §6C is a ministerial act and shall be corrected by the clerk upon motion under Mass. R Civ. E, Rule 60(a). O’Malley v. O’Malley, 419 Mass. 377, 381 (1995).
The trial judge committed no error of law.
So ordered.

 Mass. R Civ. R, Rule 64A sets forth a prescribed form for requests for rulings of law.