Coven, J.
This is a summary process action in which judgment was entered for the plaintiff-landlord, Jane Davis White (‘White”), for possession of residential premises and for unpaid rent. Defendant Elliott Johnson (“Johnson”) filed this Dist./Mun. Cts. R. A. D. A., Rule 8A, appeal alleging that the trial judge erred in (1) construing a will under which plaintiff White claimed superior title to the premises over her sister, Miriam Davis (“Davis”), to whom Johnson claims he attorned; (2) concluding that Johnson was estopped from challenging White as his landlord; and (3) precluding Davis from testifying on Johnson’s behalf.
The record indicates that Ruth K. Davis, mother of White and Davis, executed a will on May 25,1999, which provided for the disposition of a single family house she owned at 16 Allen Street, Woburn, Massachusetts. Ruth K Davis died on June 17,2001. The relevant portions of her will stated:
THIRD: I give, devise and bequeath my real estate in Woburn, Massachusetts to my daughter Jane Davis White of Ellenwood, GA with the provision that my daughter Miriam Davis be allowed to live in the house during Miriam’s lifetime. All taxes, maintenance and upkeep are to be paid by Jane.
FOURTH: All the rest, residue and remainder of my estate ... I give, devise and bequeath to my daughter Jane Davis White aforesaid. ... I expect that Jane will provide my daughter Miriam with the necessities of life.
White was named Executrix of the will.
On July 8,2001, three weeks after her mother’s death, White entered into a written “Monthly Rental Agreement” with defendant Johnson, her first cousin, for his lease of the Woburn house for $600.00 per month. Johnson took possession of the premises on October 1, 2001, and paid the agreed-upon rent to White through March of 2003. At that point, Johnson apparently became aware of Miriam Davis’ rights under her mother’s will.
In March, 2003, White received a letter which purported to be from Davis, her sister. It was written in two different handwriting styles, one cursive script (set forth below in italics) and the other printing. The letter stated, in relevant part:
*10 Thank you for calling me up the other day. It was nice hearing from you. It was nice hearing from I forgot to ask me about the house because Mom said before she died I can live at 16 Allen St. Woburn Mass. and Elliott live there too along there way in July Mom said that you pay all the bills too. September move in the house as soon as I get better O.K
Johnson states in his brief that it was at the time of Davis’ letter that “he stopped paying rent... and assumed that Miriam Davis, his first cousin, would move into the premises with him, with Miriam exercising her right to occupy the premises, essentially without any financial obligation, for the rest of her life.” Johnson instead received a notice to quit for non-payment of rent in May, 2003 from White. In June, 2003, he was served with the summary process complaint that commenced this action.
White propounded interrogatories which included a request to Johnson for “the names, addresses, subject matter, and the statement of fact anticipated to be given of all witnesses intended to be called at trial [emphasis supplied].” Johnson objected on the ground that “no rule of law compel [led] him to provide this information at [that] time.” On the day of trial, White filed a motion in limine to preclude Davis from testifying on behalf of Johnson on the basis that Johnson had refused to answer her witness interrogatory. The trial judge allowed White’s motion. The record is silent on the question of whether Johnson made a formal offer of proof as to Davis’ anticipated testimony.
The trial judge issued written findings and rulings, which included the following dispositive determination:
The defendant did not testify that he was occupying 16 Allen Street by virtue of permission granted to him by Miriam Davis. He did not testify that his occupancy was based on anything other than the Monthly Rental Agreement that he signed.
The judge also ruled that Ruth K Davis’ will did not create a life estate in favor of Miriam Davis; Johnson occupied the premises under his rental agreement with White; and even if a life tenancy in favor of Miriam Davis existed, Johnson was estopped from denying his landlord-tenant relationship with White.
1. Johnson’s principal contention on this appeal is that the trial judge erred in ruling that Ruth K Davis’ will did not grant a life estate in the Woburn property to Miriam Davis.[1] We assume, without deciding, that the ruling was erroneous. Any such error was not, however, prejudicial so as to require a reversal of the judgment for plaintiff White. The reason is that the record is devoid of any evidence that Johnson occupied the premises other than through his rental agreement with White and his recognition of White as his landlord. As we stated in Griffin v. Cogliano, 2002 Mass. App. Div. 55:
*11 While ‘one who enters and occupies the land of another as the tenant of the latter is estopped to dispute the title of his landlord,’ Connors v. Wick, 317 Mass. 628, 630 (1945), that rule is based on the notion that the tenant’s right to occupy the property is derived solely from his arrangement with the landlord and that he is not in a position, therefore, to complain about the landlord’s status. Connolly v. Kilcourse, 285 Mass. 398, 399 (1934). As noted in Connolly, ‘[t]he only defense possible for a [tenant] is eviction by superior title.’ Id. Here, [the defendant] claims such ‘superior’ title.
Id. at 57. Unlike the defendant in Cogliano, Johnson does not claim in this case that he has a title to the property “superior” to White’s. He instead argues only that a third party, Davis, enjoyed exclusive possessory rights to the Woburn house. Yet there is no statement of evidence in Johnson’s Rule 8A expedited appeal that Davis herself actually asserted her arguably superior rights to the property, took any concrete steps to gain possession, or authorized Johnson to remain in the house. Further, as the trial judge determined, Johnson did not testify that he occupied the premises by permission of Davis or by any authority other than his rental agreement with White. On the record before us, the trial judge correctly ruled that Johnson was estopped from challenging White’s title or her status as landlord.
2. Johnson argues in his brief that had Davis been permitted to testify, she would have stated that she wished Johnson “to stay on the premises, and that she was planning to move into the premises with” Johnson.[2] While the record is silent as to whether Johnson made an offer of proof at trial as to Davis’ anticipated testimony, Davis’ March, 2003 letter was introduced into evidence. As noted, the letter referenced Davis’ interest in moving into the Woburn house in July, or September, or when she might “get better” and in Johnson moving in with her.[3] Therefore, in view of Davis’ letter, we assume arguendo that no formal offer of proof was required to preserve Johnson’s right to review of the trial judge’s exclusion of Davis as a witness. See Urban Investment & Develop. Co. v. Turner Construction Co., 35 Mass. App. Ct. 100, 103 (1993) (offer of proof not necessary when nature of testimony apparent).
Johnson argues that the allowance of White’s motion in limine was error because he was under no legal duty to disclose non-expert witnesses in his answers to White’s interrogatories. While Mass. R. Civ. P., Rule 26(b) (1), permits discovery of any relevant, non-privileged matter, see generally G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 270 (1991), Rule 26(b)(4) expressly mandates disclosure of the identity and anticipated testimony of only expert witnesses. See generally Elias v. Suran, 35 Mass. App. Ct. 7, 10 (1993). There is no indication in the record that White sought a Mass. R. Civ. P., Rule 37, order to compel Johnson to disclose non-expert witnesses in his interrogatory answers or that there was any pretrial order in effect for the parties to identify anticipated witnesses. Compare Kelly v. Dubrow, 2001 Mass. App. Div. 42, 44-45 (no abuse of discretion in excluding witness not identified in pre-trial conference report). Even in *12 those cases in which a previously unidentified expert witness is called at trial, the court’s exercise of its discretion to bar the expert’s testimony should be based on a careful consideration of, inter alia, whether the opposing party is unfairly surprised or will suffer undue prejudice, whether lesser sanctions are available, and how material the testimony would be to the disposition of the case. See Commonwealth v. Dranka, 46 Mass. App. Ct. 38, 41 (1998).
Assuming that the exclusion of Davis as a witness was error, it was harmless. Again, the trial judge ruled that there was no evidence that Johnson occupied the premises on any basis other than the rental agreement with White and his recognition of her as his landlord. Even if Davis had testified in accordance with the apparent sentiment of her March, 2003 letter and expressed what she wished would happen at some unspecified time in the future, her testimony would not have been relevant and would not have aided Johnson without additional evidence that he had attorned to Davis as his landlord or remained on the premises with her permission.
Judgment affirmed.
So ordered.

 A life estate may be generally defined as the “right to the use, possession and income from a piece of property for the lifetime of an individual,” Child v. Child, 58 Mass. App. Ct. 76, 80 (2003), usually with an attendant obligation to pay taxes and expenses. Jarosz v. Jarosz, 1988 Mass. App. Div. 181. Johnson argues that a condition or contingency attached to the devise of a fee simple absolute, which White apparently claims, is inconsistent with that type of estate. Kent v. Morrison, 153 Mass. 137, 138-139 (1891). Thus a conveyance of property to three sisters as joint tenants “subject to the rights of [a fourth sister] to occupy the granted premises for the rest of her life” created a life estate in the property for the fourth sister. Bernat v. Kivior, 22 Mass. App. Ct. 957, 958-959 (1986). See also Langlois v. Langlois, 326 Mass. 85, 86-87 (1950).

 However, the trial judge noted that on July 8, 2003, prior to the trial of this action, White and her sister, “Miriam A Davis, holder of a life estate,” executed a deed “purporting to convey the property” to White and a Brent Alexander Davis as tenants in common.

 The trial judge noted that “the letter seems to be in two different handwritings and the plaintiff expressed doubt about its provenance. There was some testimony regarding Miriam Davis’ mental condition and her past institutionalizations. ... [T]he Court makes no finding as to Miriam Davis’ past or present competency in any regard.”